# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| TRACY GAITHER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:17-cv-00084-TWP-DML ) |
| TROY J. SHIDLER, GYPSUM EXPRESS, LTD, BALDWIN & LYONS, INC., | ) ) ) ) |
| Defendants. | ) ) |

## ENTRY ON JURISDICTION

It has come to the Court's attention that Plaintiff's Complaint fails to allege all of the facts necessary to determine whether the Court has subject matter jurisdiction over this case. The Complaint alleges jurisdiction based upon diversity of citizenship. However, the Complaint fails to sufficiently allege the citizenship of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

The citizenship of a corporation is "both the state of incorporation and the state in which the corporation has its principal place of business." *Westfield Ins. Co. v. Kuhns*, 2011 U.S. Dist. LEXIS 138262, at *3 (S.D. Ind. Nov. 30, 2011). The Complaint asserts that Defendant Baldwin & Lyons, Inc., "was a corporation qualified to do business in Hamilton County, Indiana." (Filing No. 1 at 2.) This jurisdictional allegation does not establish the citizenship of Defendant Baldwin & Lyons, Inc., because it fails to allege the state of incorporation and the principal place of business.

Further, "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.* The same is true of partnerships. "A limited partnership is a citizen of every state of which any partner, general or limited, is a citizen." *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir. 1992).

The Complaint states "Defendant, Gypsum Express, LTD… is a corporation qualified to do business in Jasper County, Indiana." ([Filing No. 1 at 2](Filing No. 1 at 2).) This jurisdictional allegation does not establish the citizenship of Defendant Gypsum Express, LTD., because the identity and citizenship of each of the members of the Defendant limited company is necessary for this Court to determine whether it has jurisdiction.

Therefore, Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the citizenship of Defendants Baldwin & Lyons, Inc., and Gypsum Express, LTD. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED**

Date: 5/15/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

John Andrew White
johnandrewwhite_ecf@hotmail.com